# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) Civil Act. No. 2:24-cv-00336-CCW-CBB |
| | ) |
| vs. | ) |
| | ) United States Magistrate Judge |
| R. CRISTINI, E. HURD, D. COULEHAN, C. SWARTZ, M. DARR, W. COOK, BROWN, GABONAY, SCHRECENGOST, CAPRA, M. ZAKEN, and D. CARPENTER, | ) Christopher B. Brown |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION ON MOTION TO PROCEED UNDER PSEUDONYM, ECF NO. 50

**Christopher B. Brown, United States Magistrate Judge**[1]

Plaintiff, John Doe, proceeding *pro se*, is a state prisoner in the custody of the Pennsylvania Department of Corrections. He is currently incarcerated at SCI-Greene. On March 14, 2024, Plaintiff filed a Complaint under a pseudonym, purportedly because of privacy and safety concerns. ECF No. 11, ¶ 6. He has now moved for permission to proceed under a pseudonym. ECF No. 45.

The motion is fully briefed and ripe for resolution. For the reasons below, Plaintiff's motion will be denied.

---

[1] A motion to proceed under pseudonym is a non-dispositive motion and appropriately decided by a federal magistrate judge. *See* 28 U.S.C. § 636(b)(1)(A); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court."); *see also* Local Rule 72.C.1 ("a Magistrate Judge may hear and determine any pretrial motion or pretrial matter, other than those motions specified in Rule 4 of the Rules Governing Section 2254 and Section 2255 Proceedings.").

1

I.  **Background**[2]

Plaintiff claims that after his initial DOC classification in 2016, "misleading and untrue" information was added to his Integrated Case Summary classifying him with a sex offense history. ECF No. 11, ¶¶ 25-26.[3] He refuses to participate in the DOC mandatory sex offender/SORNA programming claiming he was never convicted of any SORNA or sex offense crime.[4] *Id.*, ¶ 27. Plaintiff contends Defendants continue to rely on the "misleading and untrue information," in the SORNA / Sex Offender section of his Integrated Case Summary, *id.*, ¶ 29, and so continue to inappropriately recommend him for "sex offender programming, excessive incarceration, parole deprivation, and denial of equal monetary gain opportunities." *Id.*, ¶ 30.

Plaintiff asserts various claims under the Fourteenth Amendment against all Defendants. As relief, he seeks compensatory, punitive, and nominal damages. He also seeks injunctive relief and seeks an Order requiring Defendants to correct his file by expunging the erroneous Sex Offense History, removing the Sex Offender Designation, and removing the requirement he attend mandatory Sex Offender Programming.

---

[2]  The factual background comes from allegations in the Complaint. ECF No. 11.

[3]  Plaintiff alleges Defendants are designating him as a sex offender based on "juvenile homosexual behavior that led to misdemeanor charges in Perry County, that was construed by certain DOC staff to be a felony sex offense[.]" ECF No. 57 at 3; *see also* ECF No. 47 at 5-6.

[4]  Pennsylvania's Sex Offender Registration and Notification Act ("SORNA") governs sexual offender registration requirements. 42 Pa.C.S. §§ 9799.1-9799.97

## II.     The Motion to Proceed Under a Pseudonym

Plaintiff is seeking permission to proceed anonymously arguing "proceeding under pseudonym is paramount to the parties personal safety and security[.]" ECF No. 47 at 1.  While the Parole Defendants have no objection to Plaintiff's request, ECF No. 50; the DOC Defendants object to the request. ECF No. 51.  Plaintiff filed a Reply at ECF No. 57.

The issue presented by this motion is "whether the plaintiff [has] presented a reasonable fear of severe harm meriting an exception to 'the public's common law right of access to judicial proceedings.'" *Doe v. Pennsylvania Dep't of Corr.*, 585 F. Supp. 3d 797, 801 (W.D. Pa. 2022) (citations omitted).

## III.    Discussion

Under Federal Rule of Civil Procedure 10(a), parties are required to identify themselves in their pleadings.  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").  "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011, *cert. denied Doe v. Megless,* 565 U.S. 1197 (2012) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).  "The public's right of knowledge of judicial proceedings, codified in Rule 10(a), is, similar to the public's right of access to judicial proceedings, deeply rooted in common law and predates even the Constitution." *Doe v. Brennan*, No. 5:19-cv-5885, 2020 WL 1983873, *1 (E.D. Pa. Apr. 27, 2020) (citing *North Jersey Media Group. Inc. v. United States*, 836 F.3d 421, 434 (3d Cir. 2016); *Bank of America Nat'l Trust & Sav. Ass'n v. Hotel*

3

*Rittenhouse Assoc.*, 800 F.2d 339, 343 (3d Cir. 1986)). "A plaintiff's 'use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Megless*, 654 F.3d at 408 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

"While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." *Id.* "Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" *Id.* (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)). In order to proceed anonymously, a plaintiff "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Such fear, however, must be weighed against the public's strong interest in an open litigation process. *See Megless*, 654 F.3d at 408.

In analyzing these competing interests, the United States Court of Appeals for the Third Circuit has endorsed a balancing test to determine whether anonymity is necessary. *See id.*, at 409 (endorsing the nine-factor test first set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)). The *Megless* test consists of nine, non-exhaustive factors, six of which favor anonymity and three of which favor "the traditional rule of openness." *Megless*, 654 F.3d at 409. The six factors that weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). On the other hand, the three factors that weigh against anonymity include:

> (1) the universal level of public interest in access to the identities of the litigants; (2) whether because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467-68)). The *Megless* "factors require a fact-specific, case-by-case analysis." *Doe v. College of New Jersey*, 997 F.3d 489, 495 (3d Cir. 2021). In light of these principles, the Court addresses each of the *Megless* factors in turn.

### A.   *Megless* Factors Weighing In Favor of Anonymity

The Court first considers the six factors weighing in favor of anonymity.

### 1.    Preservation of Anonymity

The first factor requires the Court to ask: "[H]as the identity of the litigant been kept confidential?" *Megless*, 654 F.3d at 410. "This factor favors plaintiffs who 'make substantial efforts to maintain anonymity and limit disclosure of sensitive information to few other people.'" *Doe v. Main Line Hospitals, Inc.*, No. 20-2637, 2020 WL 5210994, at *2 (E.D. Pa. Sept. 1, 2020) (quoting *Doe v. Rutgers*, No. 18-cv-12952, 2019 WL 1967021, *2 (D.N.J. Apr. 30, 2019)). This factor "does not support anonymity where the litigant's identity has never been confidential." *Doe v. Pennsylvania Dep't of Corr.*, 585 F. Supp. 3d 797, 803 (W.D. Pa. 2022) (citing *Megless*, 654 F.3d at 407, 410 (flyer shared before litigation by defendant identified plaintiff by name and other characteristics).

The DOC Defendants argue "Plaintiff himself has failed to keep his identity confidential thus far in this litigation. Indeed, he lists his name and inmate number in the Complaint." ECF No. 51.

Although Plaintiff commenced this action under "John Doe," the Court agrees with the DOC Defendants that he has not remained anonymous during this litigation. For example, he is identified by his own name throughout the Complaint and signed it (and all other docketed pleadings) with his name and inmate number. And by necessity in this civil action, Plaintiff's true identity is known to Defendants and other Department of Corrections personnel. ECF No. 47 at 8. Thus, this factor weighs against granting Plaintiff's motion to proceed anonymously.

6

### 2.     Bases for Requested Anonymity

The second factor requires the Court to ask "[W]hat harm is the litigant seeking to avoid, and is the litigant's fear reasonable?" *Megless*, 654 F.3d at 410.

Plaintiff asserts he "fears that if he is not allowed to proceed under pseudonym, this would enable any inmate, . . . to target him as a "sex offender," by utilizing key word searches on LEXIS [.]" ECF No. 47 at 7; *see also* ECF No. 46, ¶ 5. He states he has,

> (1)  Fear of continued improper "weaponization" . . . by vindictive officials who maliciously jeopardize plaintiff's health and safety when they intentionally inform other inmates whom are violent that Plaintiff has a "sex offense history" on his "jacket" verbally or by giving other inmates Plaintiff's confidential records or other institutional documents that are indicators of the stigmatizing sex offender designation of Plaintiff[;]
>
> (2) Fear of being violently assaulted, sexually assaulted, and murdered by violent offenders and predatory homosexuals within the prison system;
>
> (3) Fear of Department of Corrections employees being inflicted with serious bodily injury by violent offenders and predatory homosexuals, when these employees are forced to physically intervene, by use of force to protect plaintiff during an assault or sexual victimization;
>
> (4) Fear of immediate and long-term adverse social consequences upon release from prison[.]

ECF No. 47 at 6-7.

The DOC Defendants argue Plaintiff has provided no reasonable basis for such fears and he has failed to present any facts to support his fear that increased harm currently exists.

The Court is not persuaded that the disclosure of Plaintiff's identity will lead to substantial prejudice or risk of severe harm to him. The Court is sensitive to Plaintiff's concerns for his general safety, but, based on the current record, the Court finds the bases for Plaintiff's fear of disclosure is remote and speculative. Thus, this factor weighs against granting Plaintiff's motion to proceed anonymously.

### 3. Magnitude of the Public Interest In Maintaining Confidentiality

The third inquiry is: "[I]f this litigant is forced to reveal his or her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" *Megless*, 654 F.3d at 410. Although courts recognize the universal public interest in open proceedings generally, the reviewing court must inquire into whether the public would have an especially strong interest in this proceeding specifically. *See Doe v. Princeton Univ.*, Civ. A. No. 19-7853, 2019 WL 5587372, at *6 (D.N.J. Oct. 30, 2019).

The DOC Defendants contend there is "[a] heightened public interest where the named Defendants include multiple officials within a Commonwealth agency." ECF No. 51 at 4. The Court finds persuasive the DOC Defendants' argument that the public has a strong interest in knowing the identity of those who bring suit against a Commonwealth agency and its officials and employees. Accordingly, this factor weighs against granting Plaintiff's motion to proceed anonymously.

### 4. Legal Nature of Issues in the Case

The fourth question is: "[A]re the facts not relevant to the outcome of the claim?" *Megless*, 654 F.3d at 410. "Anonymity is favored when the case involves issues purely of law[,]" while "[a] highly fact-dependent case weighs against anonymity." *Doe v. Pa. Dep't of Corr.*, 585 F. Supp. 3d 797, 807 (W.D. Pa. 2022) (citations omitted). Neither party addresses this factor.

The Court concludes Plaintiff's claims are not purely legal claims. They turn on fact-intensive inquiries requiring the development of a significant factual record – indeed the Complaint sets forth 16 pages of factual allegations that serve as the basis for Plaintiff's claims. Consequently, this factor weighs against granting Plaintiff's motion to proceed anonymously.

### 5. Danger of Adverse Outcome to Unnamed Plaintiff

The fifth factor requires the Court to ask: "[W]ill the claim be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or will the litigant potentially sacrifice a potentially valid claim simply to preserve their anonymity?" *Megless*, 654 F.3d at 410.

The DOC Defendants argue this factor does not favor the granting of the motion because "Plaintiff has not given any indication that he will discontinue this matter if he is not permitted to proceed anonymously." ECF No. 51 at 5. Plaintiff's position on maintaining this suit under his true name is unclear. In his reply brief, Plaintiff states that if not permitted to proceed under this pseudonym, he is "truly scared to continue litigating this suit" but goes no further. ECF No. 57 at 2. As a result the record is unclear whether Plaintiff will continue to pursue his action if his

9

identity is disclosed and this factor is neutral or weighs slightly in favor of granting Plaintiff's motion to proceed anonymously.

### 6. Whether Plaintiff has Ulterior Motives for Seeking Anonymity

The sixth factor requires the Court to ask, "[I]s the litigant seeking to use a pseudonym for nefarious reasons?" *Megless*, 654 F.3d at 411. There is no indication or reason to suspect Plaintiff is seeking to proceed anonymously for any illegitimate motive and the DOC Defendants do not assert otherwise. There is nothing in Plaintiff's motion or any facts in the DOC Defendants' response that indicate Plaintiff filed this request for any improper reason. Therefore, because Doe's motivation is legitimate, this factor weighs in favor of granting Plaintiff's motion to proceed anonymously. *See Megless*, 654 F.3d at 411.

## B. *Megless* Factors Weighing Against Anonymity

The Court now moves to the three factors weighing against anonymity.

### 1. Public Interest in Open Proceedings

As for the first of the three factors disfavoring anonymity, the Court of Appeals for the Third Circuit has "acknowledge[d] the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Megless*, 654 F.3d at 411. Our appellate court has noted, "the public's interest in open judicial proceedings always runs counter to a litigant's interest in anonymity – the question is whether the interest in anonymity outweighs the public's interest." *Doe v. College of New Jersey*, 997 F.3d at 496. Absent extraordinary circumstances, courts

10

weigh this factor heavily against a plaintiff's request to proceed anonymously. *See Doe v. County of Lehigh*, 2020 WL 7319544, at *5.

In this case, there are no extraordinary circumstances that justify shifting the weight of this factor in favor of granting Plaintiff's request. The motion fails to set forth any sufficient basis of fear of severe harm, let alone a basis that outweighs the universal interest of the public in open proceedings. Thus, this factor weighs against granting Plaintiff's motion to proceed anonymously.

### 2.   Subject Matter of the Litigation, Status of the Litigant

As for the second factor disfavoring anonymity, the Court asks "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained[.]" *Megless*, 654 F.3d at 409. "[T]he universal level of public interest in access to the identities of litigants" disfavors anonymity. *See id*. Plaintiff, however, is not a public figure, and the Court can discern no apparent reason the public would have an interest in his identity.

With that said, however, the level of public interest in the subject matter of the litigation presents a closer issue. Plaintiff alleges there is inaccurate and false information in his DOC classification documentation and he is challenging Defendants' practices and policies governing such matters. "[T]he expenditure of tax dollars" on the issues raised in this case "are matters likely to be of significant interest to the public." *Doe v. Pennsylvania Department of Corr.*, 585 F. Supp. 3d

11

797, 808 (W.D. Pa. 2022). Further, the public interest in disclosure is "heightened because Defendants are public officials and government bodies." *Megless*, 654 F.3d at 411; *see also Doe v. County of Lehigh*, No. 5:20cv03089, 2020 WL 7319544, at *6 (E.D. Pa. Dec. 11, 2020) (finding "persuasive Defendants' argument that the public has a strong interest in knowing the identity of those who bring suit against a municipality."). Thus, under *Megless*, this factor weighs against granting Plaintiff's motion to proceed anonymously.

### 3. Opposition by Counsel, the Public, or the Press

The DOC Defendants oppose Plaintiff's use of a pseudonym stating that Plaintiff has not shown any "extraordinary circumstances to circumvent the status quo of proceeding under one's true name in federal court." ECF No. 51 (citation omitted). Plaintiff responds that the use of a pseudonym "is the least restrictive means and least invasive." ECF No. 57 at 4. He notes the Parole Defendants have no objection to his motion and he argues the "DOC Defendants should be sharing" in his substantial concerns, not opposing them. *Id.*

He also submits the DOC Defendants' "oppositional response is no more than an attempt to have the pseudonym taken from me in their hopes that I voluntarily dismiss this action without it." *Id.* The Court will not make that inference based only on the DOC Defendants' opposition.

When a defendant's opposition to a plaintiff's request to proceed anonymously is motivated by an illegitimate purpose or ulterior motive, the scale tips towards granting the plaintiff's motion. *See Doe v. Rider Univ.*, Civil Action No. 16-4882,

12

2018 WL 3756950, at *8 (D.N.J Aug. 7, 2018).  Here, however, there is no indication the DOC Defendants' opposition is illegitimately motivated.  Alongside appropriate arguments related to the *Megless* factors, the DOC Defendants argue there is legitimate public interest in knowing the identity of a plaintiff who is suing a Commonwealth agency. ECF No. 51 at 4.  Nor is there any indication the DOC Defendants have an ulterior or improper motive for opposing anonymity.  Because the DOC Defendants' opposition is not illegitimately motivated, this factor weighs against granting Plaintiff's motion to proceed anonymously.

### IV.   Conclusion

Upon consideration of each *Megless* factor and its weight, a greater number of factors balance against granting Plaintiff's request to proceed anonymously.  A plaintiff must make out extraordinary circumstances to circumvent the status quo of proceeding under one's true name in federal court.  Plaintiff's motion does not make out those extraordinary circumstances.  While the Court is sympathetic to the fears Plaintiff has expressed, his fears are unsupported and speculative, and as such, are not a privacy interest sufficient to justify departure from our legal norms or contravention of the public's right to open judicial proceedings.  As stated above, "the thumb [is] on the scale" in favor of open judicial proceedings, *Megless*, 654 F.3d at 411, and the Court finds this case is not such an exceptional case that the public

interest has been countervailed.  Thus, Plaintiff's motion to proceed under a pseudonym will be denied.  A separate Order follows.


Dated:  February 27, 2025


                        BY THE COURT:

                        s/Christopher B. Brown
                        Christopher B. Brown
                        United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>R. CRISTINI, E. HURD, D. COULEHAN, C. SWARTZ, M. DARR, W. COOK, BROWN, GABONAY, SCHRECENGOST, CAPRA, M. ZAKEN, and D. CARPENTER,<br><br>Defendants. | Civil Act. No. 2:24-cv-00336-CCW-CBB<br><br>United States Magistrate Judge<br>Christopher B. Brown |

## ORDER DENYING MOTION TO
## PROCEED UNDER PSEUDONYM, ECF NO. 50

**AND NOW**, this 27th day of February 2025, it is hereby **ORDERED** that Plaintiff's motion to proceed under a pseudonym, ECF No. 47, is **DENIED**.

Our Local Rules permit objections to non-dispositive determinations of Magistrate Judges. Therefore, under the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 72.C.2 of the Local Rules of Court, Plaintiff, because he is a non-electronically registered party, must file written objections, if any, to the Court's determination by **March 17, 2025**. Defendants, because they are electronically registered parties, must file objections, if any, to the Court's determination by **March 14, 2025**. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. The parties are cautioned that failure to file

Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983). *See also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:   John Doe
      (via U.S. First Class Mail)

      All Counsel of Record
      (via ECF electronic notification)